IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
: CASE NO.  1:13-cv-01489
RODERICK HIRSCH, :
:
Plaintiff, : MEMORANDUM OF OPINION AND
: ORDER
-vs- :
:
:
WELLS FARGO BANK, N.A., :
:
Defendant.
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court is a motion to dismiss filed by the defendant Wells Fargo Bank, N.A., ("Wells Fargo"). The plaintiff Roderick Hirsch opposes the motion and moves to transfer this matter to the United States District Court for the District of Columbia. The motions are briefed and ready for the Court's consideration. For the reasons that follow, the defendant's motion will be granted and the plaintiff's motion denied.

**I. Background**

In November of 2007, Wells Fargo agreed to provide a loan to Mr. Hirsch. The loan was secured by a mortgage on Mr. Hirsch's real property. On 20 November 2007,

in accordance with their agreement, Wells Fargo issued a cashier's check payable to Mr. Hirsch in the amount of $69,894.50. The check was processed and cashed by KeyBank on 21 November 2007.

More than five years later, Mr. Hirsch filed this lawsuit in two counts. In Count 1, he alleges that the indorsement on the Check "was not his but a forgery," and he states that "Wells Fargo knew or should have know that said signature was a forgery." (Doc. 1-1, p. 4). On the basis of these allegations, the plaintiff contends that he "has been damaged by fraudulent actions of Defendant, Wells Fargo, in the amount of $69,859.50." (Doc. 1-1, p. 4).

In Count 2, Mr. Hirsch alleges that he is entitled to $100,000 in damages plus attorney fees, pursuant to a consent decree entered in another case entitled United States v. Wells Fargo, Case No. 1:12-cv-01150 (D.D.C. 12 July 2012). (Doc. 1-1, p. 5; Doc. 5-2). In that case, the government alleged that Wells Fargo had "engaged in a pattern or practice of discrimination on the basis of race and national origin in residential mortgage lending in violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691-1691f, and the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3619." (Doc. 5-2, p. 1). The matter was resolved through consent decree and remains under the continuing jurisdiction of the United States District Court for the District of Columbia. Mr. Hirsch is not a party in that case.

The defendant argues that neither count states a plausible claim for relief and that the complaint should accordingly be dismissed. The Court agrees.

**II. The Applicable Standard**

A 12(b)(6) motion tests the sufficiency of the complaint. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

"[W]hen deciding a motion to dismiss a court may consider only matters properly a part of the complaint or pleadings." Armengau v. Cline, 7 Fed.Appx 336, 343 (6th Cir. 2001). "If referred to in the complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings." Id. (citing Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir.1999)). "[C]ourts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies." Id.

**III. Discussion**

**A. Count 1**

According to Count 1 of the complaint, Wells Fargo owes Mr. Hirsch $69,859.50 because the cashier's check it issued to him was paid on a forged indorsement. The plaintiff does not explain how the check was lost or stolen or otherwise fell into the hands of a third party. The plaintiff also does not state the precise cause of action that would entitle him to relief. Wells Fargo, however, provides three alternative

3

interpretations of Count 1: first, as a claim under Ohio Revised Code 1303.401; second, as a claim for conversion; and, third, as a claim of fraud. In Wells Fargo's view, Mr. Hirsch does not state a plausible claim for relief under any of the three theories.

*Ohio Revised Code 1303.401*

First, the defendant argues that the plaintiff has not stated a claim under Ohio Revised Code 1303.401, which provides a payee of a lost or stolen cashier's check with limited recovery against the issuing bank. To assert a claim, the claimant must make a communication to the issuing bank that "describes the check with reasonable certainty and that requests payment of the amount of the check." R.C. 1303.401(B)(1). In addition, all of the following conditions must be met:

> (a) If the check is a certified check, the claimant is the drawer or payee of the check, or, if the check is a cashier's check or teller's check, the claimant is the remitter or payee of the check;
>
> (b) The communication contains or is accompanied by a declaration of loss of the claimant with respect to the check;
>
> (c) The obligated bank receives the communication at a time and in a manner that affords the bank a reasonable time to act upon it before the check is paid;
>
> (d) The claimant provides reasonable identification if requested by the obligated bank.

R.C. 1303.401(B)(1). If a claimant satisfies the above conditions, the claim becomes enforceable at the later of the following times:

> (i) The time the claim is so asserted;
>
> (ii) If the check is a cashier's check or teller's check, the ninetieth day following the date of the check, or, if the check is a certified check, the ninetieth day following the date of the acceptance.

R.C. 1303.401(B)(2)(a).

4

In this instance, the plaintiff does not state facts showing that he acted in accordance with the statute. There is no allegation that Mr. Hirsch made the requisite communication or provided a declaration of loss to Wells Fargo "at a time and in a manner that afford[ed] the bank a reasonable time to act upon it before the check [was] paid." Rather, based on documents before the Court, it appears that Wells Fargo did not receive notice of the allegedly forged indorsement until years after the check was paid. (Doc. 10-4).

"A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." MacGregor v. Industrial Excess Landfill, Inc., 856 F.2d 39, 43 (6th Cir. 1988) (quoting O'Brien v. DiGrazia, 544 F.2d 543, 546 n.3 (1st Cir.1976)). Because Mr. Hirsch fails to allege any facts by which it might be reasonably inferred that he made an enforceable claim with Wells Fargo pursuant to R.C. 1303.401, it is assumed that he did not. Therefore, to the degree that Count 1 makes a claim under R.C. 1303.401, the plaintiff does not state a plausible claim for relief.

*Conversion*

The defendants also argue that insofar as Count 1 asserts a claim for conversion, that claim is untimely. An action for conversion of an instrument must be brought within three years after the cause of action accrues. R.C. 1303.16(G)(1). In the present case, the cashier's check was issued on 20 November 2007, and it was cashed the next day. Therefore, because this suit was filed more than five years after the check was negotiated, the claim for conversion is untimely.

5

*Fraud*

The Court is also persuaded that insofar as Count 1 amounts to a claim for fraud, the claim is insufficiently pled. To plead fraud, a plaintiff must allege "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." Cohen v. Lamko, Inc., 10 Ohio St.3d 167, 169, 462 N.E.2d 407 (1984).

Pursuant to Federal Rule of Civil Procedure 9(b), a party alleging fraud must state with particularity the circumstances constituting fraud. To satisfy Rule 9(b)'s particularity requirement, a "plaintiff must, at a minimum, allege the time, place and content of the misrepresentations; the defendant's fraudulent intent; the fraudulent scheme; and the injury resulting from the fraud." Power and Telephone Supply Co., Inc. v. SunTrust Banks, Inc., 447 F.3d 923, 931 (6th Cir. 2006).

In the present case, the complaint does not allege with particularity facts that would satisfy the elements of fraud. While Mr. Hirsch contends that Wells Fargo knew or should have known that the indorsement was forged, it is not evident how this allegation amounts to a representation or concealment of fact falsely made by the defendant. Further, Mr. Hirsch does not set forth any particular facts to demonstrate fraudulent intent on the part of Wells Fargo, how he justifiably relied upon the representation, or how he was injured as a result. The plaintiff fails to state a plausible claim for fraud.

**B. Count 2**

In Count 2, Mr. Hirsch alleges that the "Defendant, Wells Fargo, has been found guilty of discrimination on the basis of race discrimination by the U.S. Government and the Justice Department and has been ordered to pay damages in the amount of $75,000,000.00." The plaintiff states that he is an African American and an injured party in that case. The plaintiff maintains he is entitled to $100,000 in damages plus attorney fees. These allegations seem to be in reference to the Consent Order entered in United States v. Wells Fargo Bank, Case No. 1:12-cv-01150 (D.D.C. 12 July 2012),

This claim has no merit and will be dismissed. Mr. Hirsch's allegation that Wells Fargo has been found "guilty of discrimination" misconstrues the import of the consent decree entered in United States v. Wells Fargo Bank. That case is a civil matter resolved voluntarily by the parties, not a criminal proceeding. And because it remains under the continuing jurisdiction of the United States District Court for the District of Columbia, this Court has no authority to enforce the Consent Order. Further, although Mr. Hirsch claims to be "one of the parties injured," review of the Consent Decree shows that he is not a party to that case. As such, Mr. Hirsch does not have standing to seek its enforcement. See Blue Chips Stamps v. Manor Drug Stores, 421 U.S. 723, 750 (1975) (A consent decree "is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to benefited by it."). Count 2 will accordingly be dismissed.

7

**C. The Plaintiff's Motion to Transfer**

Recognizing that the Consent Order remains under the continuing jurisdiction of the United States District Court for the District of Columbia, the plaintiff alternatively argues that his second cause of action should be transferred to that court.

"For the convenience of the parties and witness, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In deciding a motion to transfer, "a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" Moses v. Business Card Exp., Inc., 929 F.2d 1131, 1137 (6th Cir. 1991) (citing Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 30 (1988). "[T]he party requesting a transfer of venue [ ] bears the burden of proof to show the factors weigh 'strongly' in favor of transfer." Picker Intern., Inc. v. Travelers Indem. Co., 35 F. Supp. 2d 570, 573 (N.D. Ohio 1998).

As discussed above, Mr. Hirsch lacks standing to enforce the Consent Order issued in United States v. Wells Fargo, Case No. 1:12-cv-01150 (D.D.C. 12 July 2012), because he was not a party to the case or to the Consent Order. Transferring this case to the United States District Court for the District of Columbia would not alter this conclusion. And, in any event, Mr. Hirsch fails to address how any of the above-stated factors "weigh strongly in favor of transfer." The motion to transfer will accordingly be denied.

**IV. Conclusion**

For the above-stated reasons, the defendant's motion to dismiss is granted. The plaintiff's motion to transfer is denied.

IT IS SO ORDERED.

                                                                /s/ Lesley Wells
                                                     UNITED STATES DISTRICT JUDGE

Date:   7 March 2014